The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, AR 72936
Dear Representative Wilkinson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Supp. 1993). Your request pertains, specifically, to the Lavaca Roundup Club, a private, for-profit Arkansas corporation. A local newspaper has sought access to the meetings of this organization, citing the fact the corporation has "on numerous occasions received services that are paid for with public funds." Letter from Kenneth Van Dusen to State Representative Ed Wilkinson (March 8, 1995). Mr. Van Dusen states that the corporation has received city and county services at no cost.Id. The question is thus posed whether this brings the private organization within the requirements of the FOIA.
It must be concluded, following the case of Sebastian County Chapter ofthe American Red Cross v. Weatherford, 311 Ark. 656, 846 S.W.2d 641
(1993), that the FOIA does not apply in this instance, assuming that the corporation does not in fact receive direct public funding. The court inWeatherford refused to apply the FOIA to a private entity that received an indirect form of government assistance as opposed to direct funding.[1] After quoting the Black's Law Dictionary definition of "public funds" and discussing prior decisions in the area, the court stated:
 All of these cases dealt with direct public funding of some sort as the catalyst for the application of the FOIA. None of these cases expanded the term `public funds' to embrace an indirect benefit conveyed by government upon a private organization.
311 Ark. at 660.
It is thus clear following this case that direct funding is an essential element to application of the FOIA. See also J. Watkins, The ArkansasFreedom of Information Act 36 (2d ed. 1994) (stating that "[i]ndirect public support — in the form of tax breaks or the use of government-owned property, for example — will not make the FOIA applicable to a private entity that benefits from such assistance.") Although this office issued an opinion prior to Weatherford concluding that indirect support will in some instances be sufficient to trigger the act (Op. Att'y Gen. 88-004), this position is no longer tenable. The court in Weatherford refused to read indirect government benefits or subsidies into the term "public funds" under the FOIA. 311 Ark. at 661.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The assistance in that instance was in the form of a lease agreement between the City of Fort Smith and the local Red Cross which provided for the city's lease of a lot to the Red Cross for thirty years with an annual rental fee of one dollar. The reasonable rental value for the property far exceeded this rate.